IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
IN OPEN COURT
OCT 31 2024
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:24-cr-224-PTG |
| v. | 18 U.S.C. § 1343<br>Wire Fraud |
| JENNIFER L. GIORFFINO, | (Count 1) |
| *Defendant.* | Forfeiture Allegation |

**CRIMINAL INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Information:

1. Between September 2019 and April 27, 2024, defendant JENNIFER L. GIORFFINO served as administrator of a 501(c) (3) humanitarian organization headquartered in Falls Church, Virginia whose sole mission is to obtain the release of and fullest possible accounting for the missing of those who died in the Vietnam War (the "POW organization"). The organization is financed by donations from the families, veterans, and others.

2. For a period of time, GIORFFINO was the only paid employee of the POW organization. Her duties included processing donor checks, handling mail, paying bills of the POW organization, and any other tasks given to her by the Executive Director.

3. The POW organization maintained bank accounts at Bank-1 in Falls Church, Virginia, a financial institution as defined in Title 18, United States Code Section 20 ("the POW organization's Bank Accounts"). Only GIORFFINO and the POW organization's Chairman of the Board had access to the POW organization's Bank Accounts.

## COUNT ONE
Wire Fraud

4. The allegations in paragraphs 1-3 are incorporated herein by reference as if set forth in full.

5. From in or about October 2022, and continuing through in or about April 2024, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, the defendant JENNIFER GIORFFINO, knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

### Objects of the Scheme

6. The purpose of the scheme and artifice to defraud was for GIORFFINO to unlawfully enrich herself by obtaining and misappropriating funds from the POW organization and the POW organization's Bank Accounts by means of making materially false and fraudulent representations, including by submitting altered statements of the POW organization's Bank Accounts

### Ways, Manner, and Means

7. The ways, manner, and means by which GIORFFINO sought to accomplish the scheme operated in substance as follows:

8. At an April 2024 board meeting, GIORFFINO provided the Board falsified Bank-1 bank statements showing that the POW organization's Bank Accounts had approximately

$206,000. To the contrary, and upon review of the Executive Director, the POW organization's Bank Accounts had a total of $10,000.

9. Beginning in approximately October 2022, GIORFFINO began using debit cards associated with the POW organization's Bank Accounts to make unauthorized personal purchases and payments, including hundreds of purchases from Amazon, payments to her husband's bank account, payments made through PayPal to Walmart, PlayStation, DoorDash, Instacart, BarkBox, and Stich Fix. Several of these transactions were conducted using wires outside of Virginia.

10. In addition, beginning in October 2023, GIORFFINO, using the means of identification of the POW organization's Chairman without her approval, applied for a least 30 credit cards and/or lines of credit, including a credit card with Mission Lane. Some of the credit lines she applied for were from Lane Bryant, Kohls, TJ Maxx, LL Bean, and B&H Photo. GIORFFINO used one of the fraudulently opened credit cards to make $36,278.29 in purchases. GIORFFINO paid off the credit cards every month until April 2024 using the POW organization's Bank Accounts.

11. Between October 3, 2023, and April 14, 2024, GIORFFINO checked the Chairman's credit through a major credit reporting company thirty-seven times to maintain an understanding of the Chairman's creditworthiness for credit applications. During the same period, using the Chairman's means of identification, GIORFFINO sought preapproval for small business loans and/or lines of credit 78 times.

12. In February 2024, GIORFFINO opened a checking account at Bank-2 in the the POW organization's name. During that same period, GIORFFINO added that account to the POW organization's online donation platform and began diverting donations meant for the POW organization into her fraudulently opened Bank Account. In total, GIORFFINO diverted

$29,746.67 in POW organization funds into her Bank-2 account. These diversions include online donations and 121 checks totaling $13,844.59. To fraudulently obtain donation checks intended for the POW organization, GIORFFINO submitted a change of address for the POW organization's Bank Accounts.

13. By late early March 2024, GIORFFINO had largely emptied the POW organization's Bank Accounts and began forging bank statements and writing checks she knew would be returned for insufficient funds. In and around the same time the theft of funds was discovered, the Chairman's credit card was declined at a restaurant as a result of GIORFFINO's activity.

14. In total, GIORFFINO misappropriated approximately $257,259 from the POW organization and the POW organization's Bank Accounts through scheme and artifice described above.

## Wire in Furtherance of the Scheme

15. In the Eastern District of Virginia and elsewhere, on or about the date specified below, for the purpose of executing the above-described scheme, GIORFFINO knowingly and routinely caused to be transmitted by means of wire communication in interstate commerce signs, signals, and writings, to wit: on January 16, 2024, an interstate wire transfer of $1,248 from the POW organization's Bank Account in Virginia to Mission Lane.

(In violation of Title 18, United States Code, Section 1343.)

## FORFEITURE ALLEGATION

16. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant is hereby notified that if convicted of the offense charged in Count One of this Information, he shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

17. The property subject to forfeiture includes, but is not limited to, the following: a forfeiture money judgment in the amount of $257,259.20, which represents the proceeds the defendant obtained from the wire fraud scheme.

18. Pursuant to 21 U.S.C. § 853(p), the defendant, shall forfeit substitute property, if, by any act or omission of the defendant, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), as incorporated by Title 28, United States Code, Section 2461 and Title 21, United States Code, Section 853(p)).

(In accordance with Title 18, United States Code 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2(a))

Jessica D. Aber
United States Attorney

By: _____
Kenneth R. Simon, Jr.
Assistant United States Attorney