IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
IN OPEN COURT
OCT 31 2024
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:24-cr-224-PTG |
| JENNIFER L. GIORFFINO, | |
| *Defendant*. | |

### STATEMENT OF FACTS

The United States and the defendant, JENNIFER L. GIORFFINO, agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. Between September 2019 and April 27, 2024, defendant JENNIFER L. GIORFFINO served as administrator for a 501(c)(3) humanitarian organization headquartered in Falls Church, Virginia whose sole mission is to obtain the release of and fullest possible accounting for the missing of those who died in the Vietnam War (the "POW organization"). The organization is financed by donations from the families, veterans, and others.

2. For a period of time, GIORFFINO was the only paid employee of the POW organization. Her duties included processing donor checks, handling mail, paying bills of the POW organization, and any other tasks given to her by the Executive Director.

3. The POW organization maintained bank accounts at Bank-1 in Falls Church, Virginia, a financial institution as defined in Title 18, United States Code Section 20 ("the POW organization's Bank Accounts"). Only GIORFFINO and the POW organization's Chairman of the Board had access to the POW organization's Bank Accounts.

4. Consistent with her role as administrator, GIORFFINO prepared the Chairman of the Board and Executive Director of the POW organization for board meetings by, among other things, preparing and providing the Chairman with financial documents associated with the POW organization's Bank Accounts.

5. At an April 2024 board meeting, GIORFFINO provided the Board falsified Bank-1 bank statements showing that the POW organization's Bank Accounts had approximately $206,000. To the contrary, and upon review of the Executive Director, the POW organization's Bank Accounts had a total of $10,000.

6. From in or about October 1, 2022, and continuing through in or about April 14, 2024, the exact dates being unknown, in the Eastern District of Virginia and elsewhere, the defendant JENNIFER L. GIORFFINO, knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

7. Beginning in approximately October 2022, GIORFFINO began using debit cards associated with the POW organization's Bank Accounts to make unauthorized personal purchases and payments, including hundreds of purchases from Amazon, payments to her husband's bank account, payments made through PayPal to Walmart, PlayStation, DoorDash, Instacart, BarkBox, and Stich Fix.

8. In addition, beginning in October 2023, GIORFFINO, using the means of identification of the POW organization's Chairman without her approval, applied for a least 30

credit cards and/or lines of credit, including a credit card with Mission Lane. Some of the credit lines she applied for were from Lane Bryant, Kohls, TJ Maxx, LL Bean, and B&H Photo. GIORFFINO used one of the fraudulently opened credit cards to make $36,278.29 in purchases. GIORFFINO paid off the credit cards every month until April 2024 using the POW organization's Bank Accounts.

9. On or about January 16, 2024, GIORFFINO initiated an unauthorized interstate wire transfer of $1,248 from the POW organization's Bank Account in Virginia to Mission Lane to cover purchases she made on the fraudulently obtained credit card.

10. Between October 3, 2023, and April 14, 2024, GIORFFINO checked the Chairman's credit through a major credit reporting company thirty-seven times to maintain an understanding of the Chairman's creditworthiness for credit applications. During the same period, using the Chairman's means of identification, GIORFFINO sought preapproval for small business loans and/or lines of credit 78 times.

11. In February 2024, GIORFFINO opened a checking account at Bank-2 in the POW organization's name. During that same period, GIORFFINO added that account to the POW organization's online donation platform and began diverting donations meant for the POW organization into her fraudulently opened Bank Account. In total, GIORFFINO diverted $29,746.67 in POW organization funds into her Bank-2 account. These diversions include online donations and 121 checks totaling $13,844.59. The checks were forwarded from the POW organization's official address to a UPS mailbox controlled by GIORFFINO.

12. By late early March 2024, GIORFFINO had largely emptied the POW organization's Bank Accounts and began forging bank statements and writing checks she knew would be returned for insufficient funds. In and around the same time the theft of funds was

discovered, the Chairman's credit card was declined at a restaurant as a result of GIORFFINO's activity.

13. In total, GIORFFINO misappropriated approximately $257,259 from the POW organization and the POW organization Bank Accounts through scheme and artifice described above.

14. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: October 31, 2024    By: _____
Kenneth R. Simon, Jr.
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JENNIFER L. GIORFFINO, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JENNIFER L. GIORFFINO

We are the defendant's attorneys. We have carefully reviewed the above Statement of Facts with her. To our knowledge, her decision to stipulate to these facts is an informed and voluntary one.

_____
Joseph King
Stephen Hall
Attorney for JENNIFER L. GIORFFINO